## Tenny vs. Filer.

A judgment in a *justice's court* cannot legally be entered on confession, unless the defendant is brought in by *summons* or *voluntarily* appears in court and confesses judgment; authority given to the justice at an accidental meeting *in the street* to enter judgment is not sufficient.

Error from the Monroe common pleas. Filer sued Tenny in trespass *de bonis asportatis* before a justice, and recovered judgment. The defendant appealed to the Monroe common pleas, and on the trial in that court the plaintiff, in support of his right to recover, proved a justice's judgment against one Brooks, an execution issued thereon, and a purchase of some wheat in the ground, for the taking of which the action was brought. It appeared that neither a summons or other process had been issued against Brooks, the party against whom the judgment was entered, nor did he appear before the justice and confess judgment, otherwise than thus: as the justice was crossing a street to a house where he that day was to hold a court, Brooks told him he might enter judgment in favor of W. Pixley on that note, and the justice accordingly entered a judgment in favor of Pixley against Brooks, for $18,44, damages and costs. The defendant requested the common pleas to charge the jury that the judgment was void, and all proceedings under it irregular, as it was entered on confession without process, and no appearance of the defendant, *except in the street.* The court charged the jury that it was a sufficient appearance, if the defendant met the justice any where, and directed judgment to be entered against him on a note. The jury found for the plaintiff, who entered judgment upon the verdict. The defendant sued out a writ of error.

*H. Gay,* for plaintiff in error.

*S. Boughton,* for defendant in error.

*By the Court,* Savage, Ch. J. The appearance and confession of judgment by Brooks shewn in this case was not an ap-

pearance and confession, within the meaning of the statute. By the act of 1824, § 12, a justice of the peace is authorized "to enter a judgment by confession of the defendant." The praseology of the act of 1818 is in the same terms, and under that statute this court laid down the broad principle, " that a justice could not legally enter a judgment, unless the defendant appeared in person, or by attorney before him, *in court*, and confessed judgment, or had been duly summoned, as in ordinary cases." *Bromaghin* v. *Thorp*, 15 Johns. R. 476. If that decision be law, the court below erred. If there has been a loose practice as to the entry of judgments by justices on confession, as in the present case, it has been wrong, and the sooner it is corrected the better. The entry of the judgment was a nullity. The judgment of the common pleas must be reversed, and as the plaintiff cannot recover on the title he set up, there is no necessity for a *venire de novo*.

Judgment reversed.