### KIMBALL vs. MACK.

An adjournment of a cause in a justice's court must be regularly made, or the cause is out of court. An adjournment by agreement of parties, in the absence of the justice is not enough, although subsequently entered by him on his docket ; if the defendant does not appear at *such* specified time, and judgment is rendered against him, it will be reversed.

ERROR from Jefferson common pleas. Kimball sued Mack in a justice's court. On the return of the summons, the parties joined issue, and the cause was adjourned to a certain day, to wit, 26th *December*, at 1 o'clock P. M. at the justice's office. On that day the justice was from home, and did not return to his office until *three* o'clock P. M., when he found *Mack* in a dwelling house adjoining his office, who told him that he and Kimball had agreed to adjourn the cause until the *tenth* of *January*, at *two* P. M., and the same communication was made to the justice by another person, in behalf of *Kimball;* whereupon the justice entered an adjournment upon his docket until the *tenth* of *January* ; on which day, at three P. M., he called the cause ; the defendant did not appear ; the justice proceeded to hear proof on the part of the plaintiff, and rendered judgment in his favor. The common pleas of Jefferson, on *certiorari*, reversed the justice's judgment, and this court, on writ of error, *affirmed* the judgment of the common pleas. *Vide Tenny* v. *Filer*, 8 *Wendell*, 569.