## WILLIAM J. NILES *vs.* WILLIAM E. HANCOCK & another

The return, by a proper officer, of a proper service of a citation to a creditor to appear at the examination of his debtor who is committed to prison on execution, is conclusive, and cannot be disproved by the creditor in an action on the debtor's bond for the liberty of the prison limits.

Legal notice was given to a creditor that the time appointed for the examination of his debtor, preparatory to taking the poor debtors' oath, was at 10 o'clock on a certain day ; but the creditor wholly neglected to appear. Proper magistrates attended at that hour, at the place appointed, and remained there until 10 minutes past 11 o'clock, when they left the place ; but within a short distance they met the debtor, who had not before appeared, returned with him, and administered the oath to him ; whereupon he went without the prison limits. *Held,* in an action on the debtor's bond for the liberty of the prison limits, that the magistrates had jurisdiction of the matter before them, and that the debtor was lawfully discharged.

DEBT on a bond for the liberty of the prison limits.

The parties submitted the case to the court on the following facts : Wm. E. Hancock was committed to prison, October 3d 1839, on an execution in favor of the plaintiff, and the defendants gave the bond, on which this action is brought, with the condition prescribed by the Rev. Sts. *c.* 97, § 63. On the same day, a citation was issued to the plaintiff, appointing Saturday, November 2d at 10 o'clock, A. M. at the jailer's office, the time and place for said Hancock's examination concerning his ability to · pay ; and the officer, to whom the citation was delivered, returned thereon, on the same day, that he had given a true and attested copy thereof to the plaintiff. On said 2d of November, said Hancock appeared at the jailer's office, took the oath required by law, and was discharged. The discharge was duly entered on the calendar. No one was or had been present, on the part of the plaintiff. Said Hancock was, in no other way, discharged from prison, nor did he surrender himself at the expiration of ninety days from the day of his commitment.

The copy of the citation, which was left with the plaintiff, was made part of the statement of facts ; and it was agreed, that if the copy was admissible, the court might infer any facts therefrom, which a jury would be authorized to find. It was doubtful, on inspection of this copy, whether Saturday the *second* or

the *seventh* of November was the time appointed for the exami-nation of said Hancock.

It was also agreed that if the evidence was admissible, it could be proved that at 10 minutes after 11 o'clock, on said 2d of November, the two justices, before whom said Hancock took the poor debtor's oath, having finished their business at the jail-er's office, left the office, and on their way to their place of business met said Hancock, a few steps from said office : That they returned with him to said office, and administered to him the oath aforesaid ; and that it is their custom, in cases where the debtor is more than one hour later than the hour specified, to refuse to proceed to examine him, if the creditor or his at-torney has attended and gone away at the expiration of the hour.

Plaintiff to become nonsuit, if in the opinion of the court said Hancock was legally discharged ; otherwise, the defend-ants to be defaulted.

*C. G. Loring & Greenough,* for the plaintiff.

*Hancock,* for the defendants.

DEWEY, J. That the certificate of the magistrates, who administer the oath to a poor prisoner committed to jail on ex-ecution, is not conclusive as to the validity of his discharge from prison, has been too frequently decided to be any longer an open question in this Commonwealth. *Putnam* v. *Longley,* 11 Pick. 489. *Slasson* v. *Brown,* 20 Pick. 436.

The plaintiff's objection, in the present case, to the validity of the discharge, so far as it relates to the want of proper notice of the time and place of administering the oath, is clearly un-tenable. As a question of fact, it is not shown by the evidence in the case that the copy of the citation left with the plaintiff was erroneous ; it being at least quite equivocal, whether by the proper reading of the paper offered in evidence, it will not be found strictly to correspond with the original citation, and to state the time accurately. But if that were not so, the objec-tion would not be open to the plaintiff, inasmuch as the citation was served by a competent legal officer, who has returned that he has left a true and attested copy of the citation with

creditor. I am not aware that in any decisions of this court, in which they have held the discharge by the magistrates invalid for a defect in the preliminary proceeding, they have allowed the return of the officer who served the citation to be controlled, or impeached. *Putnam* v. *Longley*, and *Slasson* v. *Brown*, were both cases where the defect in the notice to the creditor appeared on the face of the returns, and was therefore allowed to avail him. But in the present case, no such defect appears on the return, and we think it does not appear, by any sufficient or competent evidence, that the citation was not duly served.

The second objection to the validity of the discharge by the magistrates presents a question of more difficulty. And we have not been referred to any reported decisions of this court bearing upon the general question, as to the period of time within which a magistrate must proceed to act upon a matter, for the hearing of which the parties have had notice to appear at a certain hour mentioned in the summons.

The cases of *M'Carty* v. *M'Pherson*, 11 Johns. 407, and *Kimball* v. *Mack*, 10 Wend. 497, establish the rule in New York, that an absence of a justice of the peace from the place of trial, for the space of two hours after the time appointed for the hearing of a case, would operate as a discontinuance of the case. The case of *Dyer* v. *Smith*, 12 Connect. 384, was an action of trespass against the defendant for illegal exercise of his authority of justice of the peace, within the State of Rhode Island. It appeared that a defendant, in an action brought before a justice, was present at the time appointed in the summons, and remained there for more than an hour, but that the justice was absent and did not return home until evening, and on his return, without giving any further notice to the defendant in the suit, proceeded to default him, and issued an execution against him. Upon these facts, it was very properly held that the case had been discontinued, and that the justice had no legal cognizance thereof at the time of his proceeding in the same.

We do not perceive any thing in these cases which would be decisive of the case at bar, if these decisions had been made by this court. They differ materially in their facts from this case, leaving us free to decide it upon its own merits.

We have carefully looked into the facts stated, as they bear upon the question of the jurisdiction of the magistrates who administered the oath, and also particularly as to the point how fai they show any such irregularity in the proceedings, as furnish just cause for objection by the plaintiff that he has not had full and proper opportunity, and substantially in the manner required by the statute, of appearing and opposing the discharge of the debtor.

If the facts really disclose a want of jurisdiction, on the part of the magistrates, of the case itself, or show that the plaintiff's rights in the matter of opposing the discharge have been in any degree infringed, we should hold the proceedings of the magistrates void ; and the debtor's departure from the prison limits would therefore constitute a breach of the condition of his bond.

It appears clearly from the facts stated, that the plaintiff has not been deprived of any privilege, which he intended to exercise, of appearing before the magistrates at the hour appointed in the citation, by reason of their actual administration of the oath at a later period. This, however, is no sufficient answer, nor can it avail the defendants, if it shall appear that the magistrates had no jurisdiction of the case. But we think that under the circumstances stated, they had jurisdiction of the subject, and were authorized to administer the oath to the debtor. They were at the place named in the citation, at the appointed hour, ready to take notice of the appearance of the creditor ; but he neglected to appear. The facts stated do not show that they had formally dissolved or adjourned their meeting, but that at ten minutes after eleven o'clock they had finished the other business before them, and left the jailer's office, and had proceeded a few steps on their way to their places of residence, when they met the debtor and returned with him to the jail, and administered the oath to him.

We do not think there is any inflexible rule, that every case of this kind shall be proceeded in within the hour appointed, and that, at the moment the hour expires, there is a discontinuance of all cases not then brought before the consideration of the magistrates.

We do not mean by this decision to be understood as sanctioning any change in the usual course of practice, and in what seems generally to have been understood to be the rule of law; viz. that a party, summoned to appear at a certain designated hour, who shall duly appear at the time named, and after the expiration of one hour from that time, if no proceedings are had in relation to the matter, in consequence of the absence of the magistrate, or of the party at whose instance the summons was issued, shall not be liable to be proceeded against in his absence. We confine our decision to the facts of the present case. To this extent we think we may safely go, without violating any adjudged cases, or introducing any new principles which can operate to the prejudice of the legal rights of creditors.

The result of our opinion is, that as the magistrates were personally present at the hour appointed, and the creditor neglected to appear, and had taken no measures to attend, either by himself or any agent, at the hour appointed, the further facts stated in the case and relied upon by the plaintiff, do not show such a discontinuance of the case as rendered void the proceedings, and subject the defendants to be charged with a breach of their bond, for a departure of the debtor from the prison limits without a legal discharge from his imprisonment.

*Plaintiff nonsuit.*