Beach *v.* Botsford.

## William S. Beach *v.* Lemuel Botsford.

Douglass.
1d 199
79    347
Douglass.
1d 199
83    578
1d 199
95    66
1d 199
98    121
1d  199
146  4509

A judgment by confession is void for want of conformity to the statute, (R. S. 389, § 2,) where it does not appear to be "signed by the person making the same, *in the presence of the justice and of one or more competent witnesses.*" The statute must be construed to require the witnesses to subscribe their names as such.

A justice of the peace entered across a judgment on his docket, that it was paid, stating the day, and signed the entry in his official capacity. *Held*, that such entry was *prima facie* evidence that the judgment was satisfied, and that this evidence was not rebutted by proof, unaccompanied by any explanatory testimony, of another entry immediately below the former, on the same docket, without date, and signed by the justice in his individual capacity, stating, in effect, that the judgment had not been paid, according to the import of the former entry.

Where a defendant, in an action of replevin, rests his claim to the property upon a seizure as constable, by virtue of an execution, he must, before proving the execution, show a valid judgment upon which it issued; and he will fail to establish any right to the property by virtue of the levy, if it appears that the judgment was void, or had been paid, before the issuing of the execution.

The rule that a ministerial officer is protected in the execution of process, issued by a court or officer having jurisdiction of the subject matter, and of the process, if it be regular on its face, and does not disclose a want of jurisdiction, does not apply in such a case. It is a rule which merely *protects* the officer when proceeded against as a wrong-doer; it confers upon him no right to property; and, in replevin, the right to property, and not whether the defendant is a trespasser, is in issue.

Error to Oakland Circuit. This was an action of replevin, tried at the September term, 1842, of the Circuit Court, before the Hon. Cha's W. Whipple, Presiding Judge. The defendant in error was the plaintiff in the Court below. The declaration was for the unlawful taking and detention of one span of horses, the property of the plaintiff.

On the trial, the defendant below admitted the taking and detention of the horses, and that they were the property of the plaintiff. The plaintiff then rested his case.

The defendant below then read in evidence, in defence,

an execution issued by Amos Mead, a justice of the peace, dated March 3, 1841, purporting to be upon a judgment rendered before John Hovey, also a justice of the peace, November 26, 1840, against the plaintiff below, at the suit of William McDermott, for $90 damages and 58 cents costs, for the payment of which judgment, in three months from its date, one James B. Lee was security; having first proved Mead's signature to the execution, and that he was, on the day of its date, an acting justice of the peace of the town of Farmington, Oakland county; and also, that Hovey was an acting justice of the peace of the same town, on the day of the date of the judgment. He further proved that, at the time of the taking alledged in the declaration, he was a constable of said town of Farmington, and took the horses by virtue of the execution. After proving the value of the horses, he rested his case.

No objection appears to have been made by the plaintiff to the reading of the execution in evidence without proof of the judgment on which it was issued; but, the evidence on the part of the defence being closed, the plaintiff introduced and read to the jury the docket of John Hovey, Esq. as follows:

*" William McDermott,* ⎫      Nov. 26, 1840.
     vs.      ⎬
  *" Lemuel Botsford.* ⎭ I hereby confess judgment in fa-
" vor of plaintiff, for the sum of ninety dollars, due on
" money lent, to be staid three months and no longer, and
" costs of suit.                 *Lemuel Botsford.*

" Judgment rendered in accordance with the above con-
" fession, Nov. 26, 1840. Damages, $90. Justice's fee, 58
" cents. Judgment, $90.58.

"I hereby become security for stay of execution on the
" above judgment, and agree to pay the said damages and
" costs, and interest on the same, in three months from the
" rendition thereof.            *James B. Lee.*"

Beach *v.* Botsford.

Written across said judgment on the docket were the following entries :

" The within judgment for damages and costs, *paid* this " sixth day of February, 1841.        *John Hovey, J. P.*

" I hereby consider the above receipt null and void, for " that the said money never came into my hands only for " counting, and that according to the best of my recollec- " tion, it was taken away without my authority, by defen- " dant's agent, Myron Botsford, and that there was a con- " spiracy, in the whole transaction, to defraud.

*" John Hovey."*

" Transferred to Amos Mead, a justice of the peace, for " collection, March 3, 1841.        *John Hovey."*

The plaintiff proved that Hovey was a justice of the peace on the 6th day of February, 1841.    The evidence in the case was then closed.

No evidence was introduced tending to show that the defendant had any knowledge of any payment to John Hovey.

The defendant asked the Court to charge the jury that he was entitled to a verdict, inasmuch as it appeared from the evidence in the case, that he took the property mentioned in the declaration, by virtue of a legal process, regular on its face, and apparently within the jurisdiction of the justice who issued the same.

The Court refused so to charge, to which the defendant excepted.

The Court did charge the jury,—

1. That if they should find that the judgment had been satisfied, as indicated in the entry of said justice that it was paid on the 6th day of February, 1841, then they must find for the plaintiff, notwithstanding the subsequent entry made by the justice, to explain which no evidence was offered.

2. If the jury should find that the entry of the judg-

ment was not made pursuant to the statute, that then the process was void, and the plaintiff was entitled to recover. To all which the defendant excepted.

*Geo. W. Wisner*, for the plaintiff in error.

*A. H. Hanscom*, for the defendant in error.

MORELL, C. J. delivered the opinion of the Court.

The defendant below, having proved that he took the property by virtue of a legal execution, insists that it is a sufficient justification for the officer, without producing and proving the judgment on which the execution issued. No objection appears to have been made by the plaintiff below, on the trial, to the proof of the execution, without proof of the judgment. He subsequently, however, proved the judgment himself; and he contends,

1. That the judgment was void, not having been entered in pursuance of the provisions of the statute. R. S. 389, § 2.

2. That it appears from the docket of the judgment, that it had been paid previous to the issuing of the execution.

1. The statute, (R. S. 389, § 2,) authorizes a justice of the peace to enter judgment by confession, " Provided such confession shall be in writing, and signed by the person making the same, *in presence of the justice and one or more competent witnesses.*" The justice derives his authority to enter the judgment solely from the statute, and the confession of judgment should show that the statute was complied with. It does not appear from the entry of the judgment, that the confession was written and signed in the presence of the justice, *and one or more competent witnesses.* Although the statute does not say that the justice and the witnesses shall subscribe their names as witnesses, still, no person can be a witness to the execution of a written instrument, without subscribing it as such ; and it was

clearly the intention of the legislature that the witnesses should so subscribe. The statute not having been complied with, the judgment was a nullity. *Tenny* v. *Tiler*, 8 Wend. 569. The consent of the party cannot make a void judgment valid. *Id.* The justice, therefore, had no jurisdiction over the person of the defendant.

2. Admitting the judgment to have been valid, if it had been paid, the justice had no power to issue the execution upon it. On the 6th day of February, 1841, the justice, in his official capacity, made an entry on his docket, that the judgment for damages and costs was paid. This was *prima facie* evidence that the judgment had been paid and satisfied, and no execution could subsequently issue on the judgment, without showing that this entry was erroneous. The subsequent entry, made by John Hovey, in his individual capacity, and without date, was not evidence in itself. If the plaintiff below placed any reliance. upon it, testimony should have been introduced to explain it. None was offered, and the Judge was right in directing the jury to disregard it.

But the plaintiff in error insists, that notwithstanding the judgment may be void, or may have been paid, still, the execution is a perfect justification to the officer, and that it is not necessary for him to produce the judgment upon which the execution was founded; and he relies upon the case of *Savacool* v. *Boughton*, 5 Wend. R. 170.

This case was an arrest of the person; and it was held that "a ministerial officer is protected in the execution of process, whether the same issue from a court of limited or general jurisdiction, although the court have not, in fact, jurisdiction of the case, provided, that on the face of the process it appears that the court have jurisdiction of the subject matter, and nothing appears to apprise the officer, but that the court also has jurisdiction of the person of the party to be affected by the process."

In *Earl* v. *Camp and Stone*, 16 Wend. R. 562, which was trespass for taking from his possession property which the plaintiff had, as a constable, levied upon by virtue of a writ of attachment issued by a justice of the peace, and which process the court held to be void, the court say : " It is insisted that the plaintiff, being a ministerial officer, should be protected by his process, which was fair on its face, though the magistrate wanted jurisdiction ; and so, indeed, he should, within the case of *Savacool* v. *Boughton*, 5 Wend. R. 170, and various other cases decided by this court. *McQuinty* v. *Herrick*, 5 Wend. R. 240, 243 ; *Wilcox* v. *Smith*, *id.* 231 ; *Reynolds* v. *Moore*, 9 *id.* 35, 36, per *Sutherland*, J.; *Alexander* v. *Hoyt*, 7 *id.* 89 ; *Coon* v. *Congden*, 12 *id.* 496, 499 ; *Rogers* v. *Mulliner*, 6 *id.* 597. These cases go the utmost length, and the true length, in the protection of ministerial officers."—" In general they ought not to look beyond the process, and in no case need they do so. The duty is usually to arrest the person, or to take the goods of another, the latter of which is to be followed by a sale. *Savacool* v. *Boughton*, was an arrest of the person.' `Alexander* v. *Hoyt*, *Reynolds* v. *Moore*, and *Coon* v. *Congden*, are cases of goods seized and sold. Our later cases are full and pointed upon the want of jurisdiction in respect to subject matter ; and the principle upon which they go is equally applicable to a want of jurisdiction over the person. Accordingly the collector of a militia fine was protected, though the delinquent was exempt from military duty. *Fox* v. *Wood*, 1 Rawle, 143." " Wherever there is jurisdiction of the process, the law means to make the officer safe in yielding implicit obedience. Even the justice who issued his warrant against a resident freeholder, without previous summons or oath, was, in *Rogers* v. *Mulliner*, 6 Wend. R. 599, protected within this principle.

" But the rule is one of *protection* merely ; and beyond

Beach *v.* Botsford.

that is not meant to confer any right.   The armor which it furnishes, is strictly defensive.   It is personal to the officer himself; and cannot be used to confer any right upon the wrong-doers, under color of whose void proceedings he is called upon to act. ' Suppose he goes on and makes sale of the property levied upon; even the innocent purchaser takes no right.   To perfect his title, he must shew a valid judgment; a solid foundation for the process.   This is emphatically so of the party who instituted the proceedings."   " In no case where an officer becomes satisfied that there is a want of jurisdiction, is he bound to act in any way.   He has a discretion, if he choose to exercise it; and if he refuses in the first instance, the party cannot make him accountable.   In *Albee* v. *Ward*, 8 Mass. R. 79, the officer had made an arrest and suffered an escape upon a justice's execution, whereby the plaintiff lost his debt.   In an action for the escape, though the execution was fair on its face, and imported jurisdiction, yet the officer was allowed to protect himself by showing that it was issued without authority.   Yet the court allowed that it furnished a complete protection against an action of trespass.   This is following out the long settled distinction laid down by *Hale*, C. J. in *Anon.* 1 Mod. 259; and which was adjudged in *Squibb* v. *Hole*, 2 Mod. 29; 1 Freem. 129, S. C.   The same distinction is laid down *obiter*, by *Parsons*, C. J. in *Dillingham* v. *Snow*, 5 Mass. R. 558, with respect to a collector of taxes."

These cases establish the principle, that a ministerial officer is protected by his process, which is fair on its face, although the magistrate wanted jurisdiction, if he is proceeded against as a *tort feasor;* but in no other case will it protect him, unless he shows a valid judgment.

This is an action of replevin, and the proceedings are *in rem.* · The person found in possession of the property, is not called upon to respond in damages as a trespasser,

for the value of the property; he is merely summoned to appear and answer the plaintiff for the unjust detention of the property. The issue to be tried is, who had the right of property. The question does not arise whether the defendant was a trespasser or not, as the property which the officer has levied upon, is not held by him for his own benefit, but for that of the party for whom he acts. " It is for every substantial purpose, his action; and if it be obvious he has no right, it necessarily follows that the officer has none. The latter comes *en autre droit*, and must stand or fall upon the claim of his principal. *Per Spencer*, J. in *Hotchkiss* v. *McVicar*, 12 John. R. 403, 408. It is not logical in any sense for him to say, 'I am privileged in an act of force, which I do suddenly, according to the command of my writ. The law will protect me in obeying the process which it has authorized another to create; therefore, I acquire a property; nay, another, a wrong-doer, shall take an interest or property, in virtue of that act.'" 5 Wend. R. 568. Who is to take the money assessed for the value of the goods, if the right of property should be found in the defendant? Not the party who caused the execution to be issued; for his judgment was void or had been paid; and, if paid, it must remain a God-send to the officer; no person could receive it out of his hands.

In all cases of replevin, I have always considered the rule well settled, that if a party claimed to hold the property by virtue of a levy under an execution, he must in the first place show a valid judgment for the foundation of that execution, in order to sustain his right to the property.

In this case, although the defendant did not introduce the judgment, which he was bound to do, before he introduced his execution, still, the plaintiff having done so, it would have supplied that defect in the proof, (as there

were no objections made to the execution,) if it had been a valid judgment.   But it having been shown that the judgment was void, and if not, that it had been paid, the execution, though regular on its face, was also void, and formed no defence for the officer.

*Judgment affirmed.*