## Case No. 4,587.

### In re EWING.

[2 Lowell, 407.][1]

District Court, D. Massachusetts.   May, 1875.

E. P. Nettleton and H. R. Brigham, for objecting creditors.
A. E. Pillsbury, for bankrupt.

LOWELL, District Judge.   The meeting to consider the debtor's offer of a composition

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

was called before the register at ten o'clock in the forenoon of a certain day. It happened by some oversight, for which the legal accountability must rest on the debtor as the moving party, that no formal notice of the order had reached the register. He had actual notice, and intended to be present, but was prevented, and sent no message to his office on the subject. At half-past eleven, the attorneys of the two creditors, who now object to the acceptance of the resolution, gave notice to the attorney of the bankrupt that they should attend no longer, and objected to a meeting being held after that time; and, on the other part, a notice was given to them that the debtor intended to find the register and proceed with the meeting. The register arrived at his office at about noon, and sent notice to the counsel for the objecting creditors that he should hold the meeting at a certain hour that afternoon. One of these notices was received, and the other was not. Neither counsel attended further. The meeting was held at the hour so appointed, and the resolution was passed.

In Re Gilley [Case No. 5,438], I held that the first general meeting of creditors ought to be kept open to receive votes for assignee for at least one hour. In the opinion then given I cited analogous cases in the practice of several states, relating to hearings before magistrates and before judges at chambers, as well as in bankruptcy and insolvency. The converse of this rule has prevailed at common law, namely, that after an hour has passed, if the magistrate is not present and has not been heard from, either party is at liberty to consider the case as discontinued or postponed; or, if the judge is ready and only one party has appeared, the case may proceed ex parte. See McCarty v. McPherson, 11 Johns. 407; Kimball v. Mack, 10 Wend. 497; Dyer v. Smith, 12 Conn. 384.

This rule is not held with so much strictness as the other. When it was shown, for instance, that no injury could have occurred to the absent party, as he had not appeared at all, the fact that the hearing was not opened until after the hour had elapsed, was decided to be immaterial. Niles v. Hancock, 3 Metc. [Mass.] 568.

In bankruptcy there is even more need of a definite practice than in ordinary suits at law or hearings between one plaintiff and one defendant, because the great number of persons interested, and having a right to take part in the proceedings, increases the chances of misunderstanding and consequent injustice if the practice is loose or variable. If the matter were entirely new, the question would be whether such a meeting may be opened at any time during the day, or during what definite part of it. It could hardly be considered reasonable that the parties should be held to attendance throughout the day in hearings of this sort. Whatever law is applied to one side must apply to the other; and every creditor must have the right to be heard at any time during the day, if the debtor has the whole day in which to have the meeting opened. I think the analogous practice in so many similar hearings points to an hour as the true limit.

There is no need to lay down a rigid rule, without exceptions. In nearly every case, the register, or some substitute, can be reached within the time, and can make at the least a postponement to a fixed hour. In this case, as it is admitted that one of the creditors failed to receive notice of the postponement, I must hold that the meeting, held three or four hours after the time appointed, was irregular. U. S. v. Rundlett [Case No. 16,208].

Leave to record resolution refused. Debtor may call a new meeting within one week.