Martin, J.
This action was commenced in a justice’s court by a personal service of a summons on the defendant. On the return day the parties appeared at the time named in the summons, joined issue and announced themselves ready for trial. The court, under the objection of both parties, held the case open until half-past seven p. m. of the same day. At that time the case was adjourned, on the application of the plaintiff, eight days, and until May 13, 1886. On May thirteenth it was again adjourned by con *324 sent of parties until July 5,1886. On July third the parties appeared before the justice, and the cause was further adjourned by consent to July ninth at nine o’clock a. m. On July ninth the parties appeared, the defendant duly made an application for a commission to examine a witness residing out of the state, and presented interrogatories for settlement. The plaintiff thereupon asked for time to prepare cross interrogatories. The defendant objected to any further adjournment. Notwithstanding such objection, on the plaintiff’s' application, the court adjourned the case until July thirteenth, when the defendant did not appear.
This adjournment was unauthorized. Ordinarily no adjournment can be had on the application of the plaintiff, except at the time of the return of the summons, and then not to exceed eight days. Code Civ. Pro., § 2960. When, however, a commission is granted upon the application of the plaintiff, he is entitled to further adjournments, if necessary, to procure the execution and return of the commission. Code Civ. Pro., § 2983. In this case the application was by the defendant. No commission was issued.The justice had no right to grant the plaintiff’s application for an adjournment. The adjournment being irregular, the case, as between the parties, was out of court. It was error for the justice to afterwards proceed and render a judgment against the defendant. Kimball v. Mack, 10 Wend., 497.
The stipulation that the commission to be issued in the case of Post v. Snow, might be read in this and the other cases to which the defendant was a party, did not waive the irregularity of the adjournment.
On the trial the justice received in evidence what purported to be a certified copy of a bill of sale of the steam tug Alanson Sumner, from Henry J. Daggett to the defendant, and of the enrollment of such tug in the custom house at Oswego. They were certified by a deputy collector.
By section 945 of the Code of Civil Procedure the duly certified transcript of the record of such a bill of sale is .made evidence. To make such transcript evidence it must, however, be certified by the collector in the form provided by section 957 of the Code of Civil Procedure. The certificate must state that the copy has been compared by the person making the certificate with the original, and that it is a correct transcript therefrom and of the whole of the original. Code of Civ. Pro., § 957.
* The certificate to neither of these papers complied with the requirements of that section. They were_ both insufficient to justify the admission of the papers in evidence. The affidavit of Daggett was also improperly admitted.
The plaintiff also offered in evidence a paper which purported to be a complaint in an action in the supreme court *325 between the defendant and Alfred N. Beadle et al., which was received by the justice. There was no proof of its genuineness. There was nothing in the evidence to show that any such suit was ever commenced, or that the defendant ever knew of the existence of any such paper, or ever had any connection with it directly or otherwise. In the absence of such proof it was not competent evidence against the defendant, and it was error for the justice to admit it.
Eliminating from the proof given before the justice the evidence improperly received by him, that remaining is wholly insufficient to sustain the judgment.
The judgment of the county court and of the justice should be reversed, with costs.
Hardin, P. J., and Follett, J., concur.

 The certificate to the bill of sale mentioned in the opinion was in the following words:
“ Oswego Custom Department, Oswego, N. Y.
“ I, William Lewis, deputy collector of the port of Oswego, N. Y., do certify that I have compared tne foregoing copy with the records of this custom department, and find this copy to be correct.
"May, 13, 1886.
[l. s.] “W. LEWIS,
• “ Dep. Collector of Customs.”
The certificate to the enrollment read as follows
“Custom House, Oswego, NY., )
“November, 13, 1885. f
“ I hereby certify that the within is a copy of the record of enrollment of the steam screw vessel “AL.nson Sumner,” of Oswego, N. Y.,as it appears upon the books of this office, and is the last enrollment isued to said vessel from this office.
"W. R. PERRY, Dep. Col. [l. a.].