## St. Paul Harvester Co. v. Forbreg.

Where the summons by which an action is commenced contains the notice under the second subdivision of Section 4894, Comp. Laws, to-wit, that, if defendant fail to answer the complaint, the plaintiff will apply to the court for the relief demanded in the complaint, and the complaint is not served with the summons, but is afterwards filed, and states only a cause of action in which the summons should have contained a notice under the first subdivision of said Section 4894, to-wit, that upon defendant's failure to answer plaintiff will take judgment against him for a definite sum, it will be conclusively presumed that defendant is predjudiced by the variance, and he will be entitled to have the complaint set aside on motion.

(Syllabus by the Court. Opinion filed Nov. 30, 1891.)

Appeal from circuit court, Minnehaha county. Hon. Frank R. Aikens, Judge.

Action by the St. Paul Harvester Company against Sivert P. Forbreg on a note. Judgment for plaintiff by default. On defendant's motion, the judgment was set aside, and from the order based on such motion plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby* for appellant.

This action being brought to recover upon a promissory note containing a contingent attorney fee clause and also to recover the reasonable value of goods sold and delivered, should be commenced with a relief summons. 1 Wait's Prac. p. 476; Notton v. Cary, 23 How. Pr. 469; Tuttle v. Smith, 14 Id. 395;

Cobb v. Durkin, 19 Id. 164; Johnson v. Paul, 14 Id. 454; Hemson v. Decker, 29 Id. 385; Brown v. Eaton, 37 Id. 325; People v. Bennett, 6 Abb. Pr. 343; Garrison v. Carr, 3 Id. N. S. 266; Salters v. Ralph, 15 Id. 273; Berry v. Bingamen, 1 S. D. 525.

KELLAM, P. J. This was an appeal from an order of the circuit court of Minnehaha county, setting aside the complaint of this action on account of variance from the summons. The complaint was not served with the summons. The summons contained the notice that, if defendant failed to answer the complaint, the plaintiff would "apply to the court for the relief demanded in the complaint." Afterwards the complaint was filed with the clerk, and, upon proof of defendant's default, judgment was entered against him. The cause of action, as stated in the complaint, was a promissory note made by defendant to plaintiff, and goods of a certain alleged value sold by plaintiff to defendant. The complaint demanded judgment for a definite sum. The court below set aside the judgment and complaint on account of its variance from the summons. Was this right? In Berry v. Bingaman, 47 N. W. Rep. 825, this court expressed the opinion that, when the summons and complaint are served together, a motion to set aside the complaint because it varies from the summons should not be allowed. The opinion was based upon the conclusion that in such case the defendant, being fully informed by the complaint of the nature of the cause of action, and consequently of what further proceedings plaintiff would be entitled to take against him, in case he did not answer, he could not possible be misled or prejudiced by the particular form of notice used in the summons. This consideration of prejudice we think ought also to be the real and controlling element in determining the question presented in this case, where the complaint was not served with the summons. The statute very definitely directs that the plaintiff shall insert in the summons a notice in one class of cases that he will, upon defendant's failure to answer, take judgment for the amount named in the complaint; and in another class that, in case of such failure, he will apply to the court for the relief demanded in the complaint. The purpose of these provisions is obvious.

They are intended to provide in each case a notice that will inform the defendant of the consequences of his failure to answer, —in the one case that the plaintiff will take judgment against him for a definite sum, and in the other that he will apply to the court for whatever relief he considers himself entitled to and demands in his complaint,—the ultimate object being to save the defendant the unnecessary expense and trouble of answering, if, when fully advised of plaintiff's claim, he is willing to concede it. The provisions are very evidently in the interest, and for the protection of the defendant, and in their construction and application the court must keep that fact in sight.

To say that the defendant must be relieved when, and only when, he has been actually prejudiced by the variance, is to insure a contested question of fact in each case, to be determined by the usually unsatisfactory proceeding of a motion upon affidavits and counter-affidavits; while to hold that injury is presumed, but that such presumption is rebuttable, would leave the same contest of fact, with only the burden of proof shifted. It is more desirable to adopt and promulgate a rule so definite and certain, and yet so general, that it shall be known to apply to and control every case of its class, than to attempt to make the rule so flexible and accommodating as to be no rule at all. We conclude, therefore,. after some hesitation, that we shall best respect the provisions of the statute, and their spirit and intent, by holding that when, as in this case, the summons contains the notice provided by the second subdivision of Section 4894, Comp. Laws, being what is usually known as a relief summons, and the complaint is for the recovery of a definite sum of money only on contract, and they are not served together, it will be conclusively presumed that the defendant is prejudiced by the variance. In must cases prejudice would naturally result. If, as required by the statute, the summons truly indicates the nature of plaintiff's claim by containing the proper notice, the defendant might not be put to the trouble and expense of putting in an answer. Especially would this be so where the summons, as in this case, gives notice of an appli-

cation to the court for the relief demanded in the complaint, and the case is one where, if the summons had stated the true sum sought to be recovered, with the proper notice that in case of failure to answer the plaintiff would take judgment for that sum, the defendant, understanding that he had no defense, might safely spare himself the expense of appearance and answer. Brown v. Eaton, 37 How. Pr. 325. But, if the summons contain only the notice under the second subdivision of said section that, upon defendant's failure to answer, the plaintiff will apply to the court for whatever relief may be demanded in the complaint, and the complaint does not accompany the summons, a defendant's only safety lies in at least an appearance, and a demand of a copy of the complaint, that he may get from it the information which the summons should and would have given him if it had conformed to the provisions of the statute. We hold, therefore, that in all cases where the summons contains only the notice in case defendant fail to answer, plaintiff will apply to the court for the relief demanded in the complaint; and the complaint, not being served with the summons, states only a cause of action in which the summons should have notified defendant that upon his failure to answer plaintiff would take judgment against him for a definite sum, the defendant will be presumed to be injured by the variance, and will be entitled to have the complaint set aside. While it might appear that this rule would occasionally work a hardship upon a plaintiff, who was in doubt as to which form of summons to use, he can always insure himself against risk by serving the summons and complaint together. Tested by these views, we think the court below rightly held that proof of the variance was proof of prejudice and injury to defendant, which entitled him to have the judgment against him vacated, and the complaint set aside. The order appealed from is affirmed. All the judgess concurring.