## LEONOSIO V. BARTILINO.

1. A justice of the peace, having no implied authority to act judicially, is limited in the exercise of such power by the express provisions of the statute.

2. In an action to recover a specific sum of money had and received, a relief summons was issued by a justice of the peace, and made returnable on

the 7th day of November, 1893,—the day on which an annual election was held throughout the state; and the justice, upon his own motion, postponed the hearing until 10 o'clock a. m. of the next day, when the defendant appeared in person, and moved for an adjournment, and, upon a denial thereof refused to proceed further; and it is *held* that no action was commenced, either by the issuance of the summons, or by the voluntary appearance and pleading of the parties, as required by section 6050 of the Compiled Laws, and that a judgment rendered in favor of plaintiff, and against defendant, was nugatory and void.

(Syllabus by the Court. Opinion filed May 24, 1895.)

Appeal from the circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action for money had and received. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*James P. Wilson* and *H. E. Dewey*, for appellant.

Any appearance save a limited appearance to question the jurisdiction of the court either as to the subject matter or to the person, is a general appearance, and a voluntary general appearance of the defendant waives all irregularities or defects in the summons or the service thereof, and submits the person to the jurisdiction of the court, although a summons had never been issued. Raymond v. Strine, 14 Neb. 236; Sargeant v. Flaid, 90 Ind. 501; Graves v. Shoefelt, 60 Ill. 462; Coffee v. City, 36 Wis. 121; Rahn v. Grier, 37 Ia. 627; Myers v. Fisher, 15 Johns 504. When the summons is personally served on the defendant, and he appears for any other reason than to question the jurisdiction of the court, he submits himself to the jurisdiction of the court. Pierce v. Meyers, 28 Kas. 364; Waldron v. Railroad, 1 Dak. 351; Bonesteel v. Gardner, id. 372; Wheeler v. Lapman, 14 John 481; Wright v. Jeffrey, 5 Cowen 15; Clapp v. Graves, 26 N. Y. 418; Holmes v. Russell, 9 Dal. 87; Gribben v. Freel, 93 N. Y. 97; Baizer v. Lasch, 17 Wis. 268; Fowler v. Haynes, 91 N. Y. 346. Consent to the jurisdiction may be implied, as well as expressed, by a voluntary appearance and participating in the proceedings before the justice of the peace. Anderson v. Hanson, 10 N. W. 429.

*John R. Wilson,* for respondent.

In an action arising on a contract for the recovery of money or damages only, the summons must contain a notice that unless the defendant so appears and answers, the plaintiff will take judgment for the sum claimed by him, stating it. St. Paul v. Farberg, 50 N. W. 628.

A summons made returnable on a legal holiday is void. Am. and Eng. Enc. Law, 5, 85; Peck v. Cavell, 16 Mich. 10; Echer v. Bank, 1 Atl. 851; Moore v. Herron, 24 N. W. 425; Stearn's Appeal, 64 Pa. 447; Allen v. Godfrey, 44 N. Y. 433. An adjournment, except in the manner provided by law, deprives the court of jurisdiction. Iowa v. Boylan, 52 N. W. 1122; Johnson v. People, 31 Ill. 469. The mere presence of a party and his attorney in the court room during a trial will not, of itself, constitute an appearance in the action. Newlove v. Woodward, 4 N. W. 393; Merkee v. City, 13 Hun. 157; Michels v. Stark, 5 N. W. 1034.

FULLER, J. This action for money had and received, was commenced and tried in justice court; and from a judgment against defendant, and in favor of plaintiff, for $58.50, including costs and disbursements, defendant appealed to the circuit court on questions of law alone. From a judgment of the circuit court dismissing the action, and taxing costs against plaintiff, in defendant's favor, in the sum of $23, plaintiff appeals to this court.

A complaint was filed in justice court, and the summons states, in substance, that the action is for the recovery of $50, and that, unless defendant appear and answer, plaintiff will apply to the court for the relief demanded in the complaint. The summons having been made returnable November 7, 1893,—a day on which an election was held throughout the state, and therefore a legal holiday,—the justice of the peace, on his own motion, and, as it is claimed, by the consent of parties, adjourned the hearing until 10 o'clock a. m. of the following day, at which time the defendant came to the office of the justice, and moved for an adjournment. This motion being denied, he applied for and obtained a postpone-

ment for one hour, and at the expiration thereof, again moved for an adjournment, which motion was by the justice overruled; and after the introduction of plaintiff's evidence in support of his complaint, and upon the refusal of defendant to introduce any evidence, judgment was rendered for plaintiff. Although the complaint states a cause of action for the recovery of damages arising upon a contract, by which the defendant was obligated to pay to plaintiff a specified sum of money, a "relief summons" was served, instead of one containing a notice that, on failure to answer, plaintiff would take judgment for a definite sum of money, as required by subdivision 4 of section 6053 of the Compiled Laws, relating to the manner of commencing actions in justice court. This court, in the absence of a complaint served, in an action in circuit court to recover the amount due on a promissory note, vacated and set aside a judgment by default, on the ground that the summons contained a notice that, if defendant failed to answer the complaint, plaintiff would apply to the court for the relief demanded therein, instead of a notice that he would take judgment for a specified sum of money. Harvester Co. v. Forberg, 2 S. D. 357, 50 N. W. 628. Our statute (section 4749 of the Compiled Laws) expressly declares that every day on which an election is held throughout the state is a legal holiday; and we therefor conclude that the summons in this case—improper in form and substance, and made returnable on a day when courts do not usually sit and act judicially—was not sufficient to confer jurisdiction upon the justice of the peace. Peck v. Cavell, 16 Mich. 10; Allen v. Godfrey, 44 N. Y. 433; 1 Black. Judgm. 182; 5 Am. & Eng. Enc. Law, 85, and cases there cited. In People v. Schwartz, 3 Abb. Pr. (N. S.) 395, a summons in justice court was returnable on the day of a general election; and the justice in open court, and in the presence of one of the parties, at the appointed hour, adjourned the case to another day. It was held that the summons was a nullity, and that the justice acquired no jurisdiction, not even to adjourn the case, and a judgment entered upon the adjourned day was for that reason reversed. Under section 6085 of the Compiled Laws,

a justice of the peace can postpone the trial of an action upon his own motion in the following cases: (1) When the court is engaged in the trial of another cause; (2) when, in order to give a party time to plead, or in case of amended pleadings, an adjournment becomes necessary; (3) when a jury is demanded in the trial of issues of fact. Section 6086 is a follows: "The court may by consent of the parties given in writing or in open court, postpone the trial to a time agreed upon by the parties." This case was not called on the day designated in the summons for the hearing, and neither party appeared. From the amended transcript of the justice's docket, it appears that the justice went to defendant's place of business, and notified him that the case had been adjourned for one day, and that defendant said "All right," and the attorney for plaintiff agreed to the adjournment. In an affidavit used for a writ of certiorari, defendant denies that he consented to an adjournment of the hearing for a day, or any continuance of the cause whatever, and, in effect, swears that his presence in court on the 8th day of November was due to the fact that the chief of police, who was also a constable, called at his place of business on said day, and informed the defendant that "he was wanted at the justice's office, that they were waiting for him there, and that he had to come," and that he went to said office because he thought he would be punished if he disobeyed the order of said officer. It is not claimed that the case was continued for any of the reasons authorizing a justice of the peace to adjourn a hearing upon his own motion, and it affirmatively appears that the postponement was not ordered by the consent of the parties given in writing or in open court; and we therefore conclude, upon the entire record, that the summons commenced no action, and that the justice was without jurisdiction to try the cause on the return day, and that the order postponing the hearing was unauthorized and void. As a justice of the peace has no implied powers, and is authorized to act judicially only by express provisions of law, defendant's consent, obtained out of court, to an adjournment

of the trial made by the justice without authority, would confer no jurisdiction. Redford v. Snow, 46 Hun, 370; Kimball v. Mack, 10 Wend. 497. "An action in justice court is commenced by the issuance of a summons, or by the voluntary appearance and pleadings of the parties." Comp. Laws, § 6050. And the pleadings in justice court, as defined by section 6059, are: (1) The complaint by the plaintiff; (2) the demurrer to the complaint; (3) the answer by the defendant; (4) the demurrer to the answer; (5) reply to the answer. A motion to adjourn is not a pleading, nor is it suficient, in contemplation of the statute, to confer jurisdiction upon a a justice of the peace. Randolph v. Underhill, 17 N. J. Law, 454. Actions in justice court can be instituted only by the issuance of a summons, or by the voluntary appearance and pleading of the parties. In the absence of a summons, or the submission by pleading of the matter in controversy, there is no action, and there can be no judgment. Lester v. Crary, 1 Denio, 81; Tenny v. Filer, 8 Wend. 569; Fanning v. Trowbridge, 5 Hill, 428. The case was properly disposed of by the trial court, and the judgment appealed from is affirmed.