## DODGE, Respondent, v. HESS et al, Appellants.

### (195 N. W. 972.)

### (File No. 5439.   Opinion filed December 3, 1923.)

**Appeal and Error—Waiver—Variance—Motions—Order Denying Motion to Strike Complaint Because of Variance Between It and Summons Held Not Appealable.**

Order denying motion to strike complaint because of variance between it and the summons, which was based on Rev. Code 1919, Sec. 2331, subd. 1, on the ground that defendants had made a general appearance within Rev. Code 1919, Sec. 2332, and that they could not have been misled by the form of the summons, held not appealable.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by Theodore Dodge, by C. H. Dodge, his guardian ad litem, against S. B. Hess and another, copartners doing business as Hess & Rau.  From an order of the trial court, denying a motion to strike the complaint, defendants appeal.  Appeal dismissed.

*Case & Case,* of Watertown, for Appellant.

*Loucks, Hasche & Foley,* of Watertown, for Respondent.

Appellant cited:  Berry v. Bigeman (S. D.), 47 N. W. 825; St. Paul Harvester Co., v. Forbreg (S. D.), 50 N. W. 628.

Respondent cited:  Barry v. Bingham, 47 N. W. 825; McCoun v. Railroad Co., 50 N. Y. 176; Fond du Lac v. Bonesteel, 22 Wis. 251; Porter v. Porter (Dak.), 33 N. W. 71.

GATES, J.  In this case a "money demand" summons (Rev. Code 1919 § 2331, subd. 1) was served; later a complaint based upon a cause of action in tort was served.  On the 31st day thereafter the defendant's caused to be served upon plaintiff's attorneys a notice of appearance (Rev. Code 1919 § 2332) and an order to show cause, together with the affidavit on which the order was based, why the complaint should not be stricken because of a variance between it and the summons.  Upon the hear-

ing the trial court denied the motion upon the ground that a general appearance had been made by defendants in the action and upon the ground that defendants could not have been misled by the form of the summons. Defendants appeal from the order and rely upon St. Paul Harvester Co. v. Forbreg, 2 S. D. 357, 50 N. W. 628.

We are unable to find any provision of section 3168, Rev. Code 1919, that makes this an appealable order. It seems to us that what was said in Ryan v. Davenport, 5 S. D. 203, 58 N. W. 568, is, in principle, applicable here. That was an appeal from an order refusing to set aside the service of a summons. St. Paul Harvester Co. v. Forbreg, supra, was an appeal from an order vacating a default judgment.

The appeal is dismissed, with costs to respondent.

· Note.—Reported in 195 N. W. 972. See, Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 103, 3 C. J. Sec. 316.